[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14091
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-03224-VMC-AEP

TRACY LEE KENDALL,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 14, 2017)

Before HULL, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tracy Lee Kendall appeals the district court's grant of summary judgment in

favor of the Secretary for the Department of Veterans Affairs (the "VA") in his

employment discrimination suit under the Rehabilitation Act of 1973, 29 U.S.C. § 794.  After review, we affirm.

## I.  BACKGROUND FACTS

### A.    Kendall's Employment and Termination

Plaintiff Kendall is a disabled veteran who had both knees replaced.  In May 2008, while participating in a VA vocational rehabilitation program at the Bay Pines Administration Health Care System ("Bay Pines"), plaintiff Kendall learned of and applied for a position as an Engineering Technician (Drafting) at Bay Pines.  Plaintiff Kendall was not selected for the position, which went to Debra Hanby, a current VA employee.

James Charlton, the decisionmaker, reviewed six or seven applications that the human resources department ("HR") prescreened and sent to him on a certificate.  Decisionmaker Charlton assumed that all the candidates HR placed on the certificate meet the posted qualifications for the position.  After reviewing the applications, Charlton determined that plaintiff Kendall and Hanby were the two most qualified candidates.  Charlton selected Hanby over plaintiff Kendall because: (1) Hanby had more years of relevant experience in one job, which indicated to Charlton that she was the more stable employee, and (2) Hanby, as a current Bay Pines employee, was already familiar with the facility and the people, which would be very helpful to the position.  Charlton stated that "the bottom line

was . . . Ms. Hanby had nine years solid experience at one job," while plaintiff Kendall's experience "basically equated to roughly a little less than three years." Although Charlton made the hiring decision in June 2008, plaintiff Kendall did not receive notice of the hiring decision until January 2009.

When plaintiff Kendall went to HR to ask about the hiring decision, Raychelle Seybold offered him a housekeeping position instead.  Kendall explained that he had artificial knees, and Seybold assured him he could have the position if he passed an on-site physical examination, which he did.  When Kendall said he could not mop floors, Seybold responded that they would find other things for him to do.

Plaintiff Kendall accepted the housekeeping position.  Kendall signed, but did not read, a certificate of medical examination attesting that he did not have a physical impairment that would prevent him from fully performing the duties of the position, which included, among other things, prolonged walking and standing, kneeling, bending and climbing, and working on slippery or uneven walking surfaces.  During his second week on the job, plaintiff Kendall was asked to mop the floors, and he refused because of his artificial knees.

As instructed by his supervisor, plaintiff Kendall submitted a request for reasonable accommodation to Heather Nichol.  Kendall asked not to mop floors or for another position.  Along with his request, Kendall submitted a form completed

3

by his doctor regarding work restrictions associated with his disability.  Kendall's doctor indicated that Kendall's impairment substantially limited his "major life activities" of walking, standing, and sitting and that, among other physical restrictions, Kendall had to avoid wet surfaces.  Nichol told plaintiff Kendall to go home and wait to be contacted when they found work for him.

Twice over the next few weeks, Kendall checked on his request, and Nichol reminded him that he would be contacted when Bay Pines had a job for him.  Kendall grew tired of waiting and filed an internal EEO complaint.  During a May 2009 mediation, Kendall was given notice of his termination.  The notice, signed by HR officer Bonnie Wax, stated that plaintiff Kendall was terminated effective March 2009 for failure to qualify during his trial period.

## B.    District Court Proceedings

Kendall filed a counseled complaint against the VA alleging that: (1) he was discriminated against on the basis of his disability when Bay Pines failed to hire him for the engineering technician position and then terminated him from the housekeeping position; and (2) his termination was retaliation for requesting a reasonable accommodation.

The district court granted the VA's motion for summary judgment on all of Kendall's claims.  As to the engineering technician position, the district court determined that Kendall had established a prima facie case of disability

4

discrimination under the Rehabilitation Act, but he had not shown that the VA's legitimate, nondiscriminatory reason for selecting Hanby was pretext. As to Kendall's failure-to-accommodate claim, the district court concluded that Kendall had not established a prima facie case because it was undisputed that Kendall could not perform essential functions of the housekeeping position—mopping floors—and thus he was not a "qualified individual." The district court further concluded that because Kendall admitted that mopping floors was an essential function of his housekeeping position, he also could not establish a prima facie case of discriminatory termination from that position. Finally, as to Kendall's retaliation claim, the district court concluded that Kendall had not presented evidence that his termination from the housekeeping position was pretext for illegal retaliation.

## II. DISCUSSION

On appeal, Kendall challenges the district court's entry of summary judgment in favor of the VA on his failure-to-hire and failure-to-accommodate claims.[1] For the reasons that follow, we affirm.[2]

---

[1] Kendall's counseled brief makes only passing references to the district court's rulings on his termination and retaliation claims. Thus, Kendall has abandoned these claims. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (explaining that when a party fails to "plainly and prominently" raise a claim by, for example, devoting a discrete section of his argument to that issue, he has not adequately briefed the claim); Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, a failure to make arguments and cite authorities in support of an issue waives it.").

[2] This Court reviews a grant of summary judgment de novo. Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir. 2012). Summary judgment is appropriate when there is

5

**A.    Discriminatory Failure-to-Hire Claim**

The district court properly granted the VA's motion for summary judgment as to Kendall's failure-to-hire claim arising out of his non-selection for the engineering technician position.  Even assuming that the district court correctly concluded that Kendall established a prima facie case of disability discrimination, the VA presented legitimate, nondiscriminatory reasons for its decision to select Hanby over plaintiff Kendall.  Specifically, Charlton, who made the ultimate hiring decision, concluded that Hanby had a more stable employment history and was already familiar with the facility and people at Bay Pines.  Kendall failed to produce evidence showing that those reasons were mere pretexts for disability discrimination.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).

Plaintiff Kendall makes much of the fact that Hanby's application appeared to be incomplete and did not, on its face, indicate that she was eligible for the engineering technician position.  While it is true that several of the VA's HR officials indicated that Hanby's application appeared incomplete and that they could not tell from her application how Hanby was certified as eligible, this alone

---

no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

does not demonstrate pretext.[3]  First, none of the HR officials testified that Hanby was unqualified or should not have been certified as eligible for the position.  In fact, Bonnie Wax and Curt Lichtenberg specifically noted that, based on the work experience reflected on her application, Hanby was qualified for the position.

Second, even assuming that a question exists as to whether HR should have deemed Hanby qualified, this does not undermine the purported non-discriminatory reasons articulated by Charlton.  HR officials pre-screened the applicants and sent five or six applications to Charlton for his consideration.  The undisputed evidence showed that once a candidate was determined to be eligible and qualified by HR, the selecting official—Charlton—was free to choose among those qualified individuals.  A potential mistake by an HR official in deeming Hanby qualified does not indicate that Charlton's purported reasons for choosing Hanby over plaintiff Kendall were false.  Even assuming arguendo that Hanby may have been objectively ineligible for the position, this does nothing to call into question Charlton's subjective, good-faith belief that Hanby was eligible and that

---

[3]It was not apparent from the face of Hanby's application that she was a "status candidate," that is a current federal civilian employee.  Although Hanby indicated on her application that she did not claim a veterans' preference, she then checked the box indicating that she was entitled to a 10-point veterans' preference.  Despite these irregularities, HR certified Hanby as a "status candidate" eligible for promotion, not as a veterans recruitment appointment ("VRA") candidate like Kendall.

To the extent Kendall argues that Charlton did not follow the "pass-over" procedures in 5 U.S.C. § 3318, it was undisputed that such procedures were inapplicable in this case because Hanby was not certified as eligible for the position on a VRA certificate.  As the HR officials explained, the "pass over" procedures did not apply unless two applicants with veterans' preferences were competing for the same position.  See 5 U.S.C. §§ 3317, 3318.

she was the better candidate.  See Alvarez v. Royal Atl. Developers of Fla., Inc.,

610 F.3d 1253, 1266 (11th Cir. 2010) (explaining that the pretext inquiry centers

on the employer's beliefs, not the employee's beliefs or "reality as it exists outside

of the decision maker's head").  In this way, plaintiff Kendall has failed to meet the

VA's reasons for hiring Hanby rather than Kendall head on and rebut them.  See

Holland v. Gee, 677 F.3d 1047, 1055 (11th Cir. 2012) (providing that to show

pretext, a plaintiff "cannot recast the reason but must meet it head on and rebut it"

(quotation marks omitted)).

Plaintiff Kendall's argument that he was objectively more qualified than

Hanby because of his educational background similarly fails to show pretext.

Decisionmaker Charlton did not pick Hanby because she was better educated than

Kendall, but because she had more stable work experience and she was already

familiar with Bay Pines.  Kendall cannot merely question the wisdom of Charlton's

reasons.  See Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en

banc) (stating that if the proffered reason is one that might motivate a reasonable

employer, the plaintiff cannot succeed by simply quarrelling with the wisdom of

the employer's decision).  Nor can Kendall show pretext simply by arguing or

showing that he was better qualified; rather, Kendall must show that no reasonable

person could have chosen Hanby over him.  See Springer v. Convergys Customer

Mgmt. Grp., Inc., 509 F.3d 1344, 1349 (11th Cir. 2007).

8

Although it is true that Kendall had more education, the two candidates'

resumes show that Kendall did not have a steady employment history and that he

had only a few years of relevant experience.  Hanby, on the other hand, had nine

years of relevant experience, all with the same employer.  Under the

circumstances, plaintiff Kendall did not show that no reasonable employer could

have selected Hanby over him.  In sum, the district court properly concluded that,

as to Kendall's failure-to-hire claim, Kendall had failed to show pretext.[4]

## B.    Failure-to-Accommodate Claim

The district court also properly granted summary judgment as to Kendall's

failure-to-accommodate claim because Kendall failed to establish his prima facie

case under the Rehabilitation Act.  A prima facie case of disability discrimination

includes, inter alia, that the plaintiff is a "qualified individual" at the relevant time,

meaning he could perform the essential functions of the job in question with or

without reasonable accommodations.  Lucas v. W.W. Grainger, Inc., 257 F.3d

1249, 1255 (11th Cir. 2001) (involving claims under the Americans with

---

[4]For the first time on appeal, Kendall argues that his failure-to-hire claim should have survived summary judgment under Smith v. Lockheed Martin Corp., 644 F.3d 1321 (11th Cir. 2001).  In Smith, we stated that, apart from the McDonnell Douglas framework, a plaintiff can create a triable issue of discriminatory intent by presenting "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker."  See 644 F.3d at 1328 (quotation marks omitted).  Because Kendall made no reference to this argument in the district court, we will not consider it.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).  In any event, such a claim lacks merit based on the record evidence, including the evidence outlined above.

9

Disabilities Act ("ADA")).[5]  As with the other elements of the prima facie case, it is the plaintiff's burden to establish that he could perform the essential functions of the job.  Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000). The essential functions are defined as "the fundamental job duties of the employment position."  Lucas, 257 F.3d at 1258 (citing 29 C.F.R. § 1630.2(n)(1)). This Court evaluates whether a function is "essential" on a case-by-case basis by examining a number of factors, including: (1) the amount of time spent on the job performing the function; (2) the consequences of not requiring the incumbent to perform the function; (3) the terms of the collective bargaining agreement; (4) the work experience of past incumbents in the job; and (5) the current work experience of incumbents in similar jobs.  Davis, 205 F.3d at 1305.  An employer is not required to eliminate an essential function to comply with the Rehabilitation Act. Lucas, 257 F.3d at 1260.

Kendall did not dispute that he could not mop floors, an essential function of the housekeeping position.  Kendall asserts that whether mopping floors is indeed an essential function is a disputed question of fact.  But the only evidence in the record on this question is Wax's testimony that plaintiff Kendall's requested accommodation, which Kendall himself agrees was that he be excused from mopping floors, would have removed an essential function of the job.  Assuming

---

[5]Claims brought under the Rehabilitation Act are analyzed under the same standards as set forth in Title III of the ADA.  Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000)

that Wax, whose name appeared on Kendall's notice of termination, was communicating the VA's judgment that mopping floors was an essential function of the housekeeping position, that judgment is due consideration by this Court. See Davis, 205 F.3d at 1305.

Though the employer's judgment is not the only factor to be considered, in this case, it was the only factor about which any evidence was presented. Kendall did not present evidence contradicting the employer's judgment or evidence about any of the other factors. For example, Kendall did not present any evidence that the past or current work experience of other housekeeping aids at Bay Pines did not include mopping floors or evidence about the amount of time housekeeping aids at Bay Pines spent mopping floors.

Moreover, Kendall admitted during the course of his deposition that "mopping floors is a basic sort of necessary task for a housekeeper." Kendall argues that the district court should not have relied upon his testimony because he was not qualified to opine on what was or was not an essential function, but he points to no evidence in the record that would have allowed a factfinder to draw a contrary conclusion regarding the essential functions of the housekeeping position. See Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) (explaining that for a factual issue to be genuine, it must have a real basis in the record). Kendall ultimately bore the burden of establishing that he could perform the

essential functions of the job, with or without reasonable accommodation, and thus was a qualified individual, and he failed to do so.

Accordingly, the district court did not err in concluding that Kendall failed to establish a prima facie claim of failure to accommodate.

### III.  CONCLUSION

For these reasons, we affirm the district court's entry of summary judgment in favor of the VA.

**AFFIRMED.**